Ryan Denham, Campaign Director Arkansans for Compassionate Care Post Office Box 692 Fayetteville, Arkansas 72702
Dear Mr. Denham:
This is in response to your request for certification pursuant to A.C.A. § 7-9-107 (Repl. 2007) of the popular name and ballot title for a proposed initiated act. You have previously submitted similar measures which were rejected by this Office due to ambiguities in the text of your proposed act. See Op. Att'y Gen. 2011-038 and 2011-023. The popular name and ballot title of your current proposal are:
 Popular Name AN ACT TO ALLOW QUALIFYING PATIENTS IN ARKANSAS TO ACQUIRE AND USE MEDICAL MARIJUANA
 Ballot Title AN ACT MAKING THE MEDICAL USE OF MARIJUANA LEGAL UNDER ARKANSAS STATE LAW, AND ESTABLISHING A SYSTEM FOR THE CULTIVATION, ACQUISITION AND DISTRIBUTION OF MARIJUANA FOR QUALIFYING PATIENTS THROUGH NONPROFIT MEDICAL MARIJUANA DISPENSARIES AND GRANTING THOSE NONPROFIT DISPENSARIES LIMITED IMMUNITY; ALLOWING LOCALITIES TO LIMIT THE NUMBER OF NONPROFIT DISPENSARIES AND TO ENACT REASONABLE ZONING REGULATIONS GOVERNING THEIR OPERATIONS; PROVIDING THAT QUALIFYING PATIENTS, THEIR *Page 2 
DESIGNATED CAREGIVERS AND NONPROFIT DISPENSARY AGENTS SHALL NOT BE SUBJECT TO CRIMINAL OR CIVIL PENALTIES OR OTHER FORMS OF DISCRIMINATION FOR ENGAGING IN OR ASSISTING WITH THE PATIENTS' MEDICAL USE OF MARIJUANA; AUTHORIZING LIMITED CULTIVATION OF MARIJUANA BY QUALIFYING PATIENTS OR DESIGNATED CAREGIVERS IF A QUALIFYING PATIENT LIVES MORE THAN FIVE MILES FROM THE NEAREST NONPROFIT DISPENSARY; AUTHORIZING COMPENSATION FOR DESIGNATED CAREGIVERS; REQUIRING THAT IN ORDER TO BECOME A QUALIFYING PATIENT, A PERSON SUBMIT TO THE STATE A WRITTEN CERTIFICATION FROM A PHYSICIAN THAT THEY ARE SUFFERING FROM A QUALIFYING MEDICAL CONDITION; ESTABLISHING AN INITIAL LIST OF QUALIFYING MEDICAL CONDITIONS INCLUDING CANCER, GLAUCOMA, POSITIVE STATUS FOR HIV/AIDS, HEPATITIS C, AMYOTROPHIC LATERAL SCLEROSIS, TOURETTE'S DISEASE, CROHN'S DISEASE, ULCERATIVE COLITIS, POST TRAUMATIC STRESS DISORDER, FIBROMYALGIA, AGITATION OF ALZHEIMER'S DISEASE OR THE TREATMENT OF THESE CONDITIONS, A CHRONIC OR DEBILITATING DISEASE OR MEDICAL CONDITION OR ITS TREATMENT THAT PRODUCES ONE OR MORE OF THE FOLLOWING: CACHEXIA OR WASTING SYNDROME, PERIPHERAL NEUROPATHY, INTRACTABLE PAIN, SEVERE NAUSEA, SEIZURES, INCLUDING THOSE CHARACTERISTIC OF EPILEPSY, OR SEVERA [SIC] AND PERSISTENT MUSCLE SPASMS, INCLUDING THOSE ASSOCIATED WITH MULTIPLE SCLEROSIS; DIRECTING THE DEPARTMENT OF HEALTH TO ESTABLISH RULES RELATED TO THE PROCESSING OF APPLICATIONS FOR REGISTRY IDENTIFICATION CARDS, THE OPERATIONS OF NONPROFIT DISPENSARIES, AND THE ADDITION OF QUALIFYING MEDICAL CONDITIONS IF SUCH ADDITIONS WILL ENABLE PATIENTS TO DERIVE THERAPEUTIC BENEFIT FROM THE MEDICAL USE OF MARIJUANA; SETTING MAXIMUM REGISTRATION FEES FOR *Page 3 
NONPROFIT DISPENSARIES; ESTABLISHING QUALIFICATIONS FOR REGISTRY IDENTIFICATION CARDS; ESTABLISHING STANDARDS TO ENSURE THAT QUALIFYING PATIENT AND DESIGNATED CAREGIVER REGISTRATION INFORMATION IS TREATED AS CONFIDENTIAL; DIRECTING THE DEPARTMENT OF HEALTH TO PROVIDE THE LEGISLATURE ANNUAL QUANTITATIVE REPORTS ABOUT THE MEDICAL MARIJUANA PROGRAM; SETTING CERTAIN LIMITATIONS ON THE USE OF MEDICAL MARIJUANA BY QUALIFYING PATIENTS; ESTABLISHING AN AFFIRMATIVE DEFENSE FOR THE MEDICAL USE OF MARIJUANA; ESTABLISHING REGISTRATION AND OPERATION REQUIREMENTS FOR NONPROFIT DISPENSARIES; SETTING LIMITS ON THE AMOUNT OF MARIJUANA A NONPROFIT DISPENSARY MAY CULTIVATE AND THE AMOUNT OF MARIJUANA A NONPROFIT DISPENSARY MAY DISPENSE TO A QUALIFYING PATIENT; PROHIBITING CERTAIN CONDUCT BY, AND IMPOSING CERTAIN CONDITIONS AND REQUIREMENTS ON PHYSICIANS, NONPROFIT DISPENSARIES, NONPROFIT DISPENSARY AGENTS, QUALIFYING PATIENTS, AND DESIGNATED CAREGIVERS; ESTABLISHING A LIST OF FELONY OFFENSES WHICH PRECLUDE CERTAIN TYPES OF PARTICIPATION IN THE MEDICAL MARIJUANA PROGRAM; ALLOWING VISITING QUALIFYING PATIENTS SUFFERING FROM QUALIFYING MEDICAL CONDITIONS TO UTILIZE THE ARKANSAS MEDICAL MARIJUANA PROGRAM; ACKNOWLEDGING THAT MARIJUANA USE, POSSESSION, AND DISTRIBUTION FOR ANY PURPOSE REMAIN ILLEGAL UNDER FEDERAL LAW[1] *Page 4 
The Attorney General is required under A.C.A. § 7-9-107 to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition. Neither certification nor rejection of a popular nameand ballot title reflects my view of the merits of the proposal.This Office has been given no authority to consider the merits ofany measure.[2]
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. In addition, following Arkansas Supreme Court precedent, this office will not address the constitutionality of proposed measures in the context of a ballot title review unless the measure is "clearly contrary to law."Kurrus v. Priest, 342 Ark. 434, 29 S.W.3d 669 (2000);Donovan v. Priest, 326 Ark. 353, 931 S.W.2d (1996); andPlugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensurethat the popular name and ballot title honestly, intelligibly, andfairly set forth the purpose of the proposed amendment or act. SeeArkansas Women's Political Caucus v. Riviere,282 Ark. 463, 466, 677 S.W.2d 846 (1984). *Page 5 
The popular name is primarily a useful legislative device.Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v.Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v.Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
"It is axiomatic that the majority of voters will derive their information about a proposed measure from the ballot title immediately before exercising the right of suffrage."Kinchen v. Wilkins, 367 Ark. 71, 76, 238 S.W.3d 94 (2006). The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall,229 Ark. 416, 417, 316 S.W.2d 185 (1958); Becker v. Riviere,270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen,318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v.McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v.Hall, supra; and Walton v. McDonald,192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see
A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen,310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring.Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law.Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial.Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citingLeigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the above precepts, it is my conclusion that a more suitable, complete, and correct popular name and ballot title should be substituted for those proposed. *Page 6 
The following is hereby certified in order to ensure that, when construed together, the popular name and ballot title accurately set forth the purpose of the proposed amendment:
 Popular Name THE ARKANSAS MEDICAL MARIJUANA ACT Ballot Title AN ACT MAKING THE MEDICAL USE OF MARIJUANA LEGAL UNDER ARKANSAS STATE LAW, BUT ACKNOWLEDGING THAT MARIJUANA USE, POSSESSION, AND DISTRIBUTION FOR ANY PURPOSE REMAIN ILLEGAL UNDER FEDERAL LAW; ESTABLISHING A SYSTEM FOR THE CULTIVATION, ACQUISITION AND DISTRIBUTION OF MARIJUANA FOR QUALIFYING PATIENTS THROUGH NONPROFIT MEDICAL MARIJUANA DISPENSARIES AND GRANTING THOSE NONPROFIT DISPENSARIES LIMITED IMMUNITY; ALLOWING LOCALITIES TO LIMIT THE NUMBER OF NONPROFIT DISPENSARIES AND TO ENACT REASONABLE ZONING REGULATIONS GOVERNING THEIR OPERATIONS; PROVIDING THAT QUALIFYING PATIENTS, THEIR DESIGNATED CAREGIVERS AND NONPROFIT DISPENSARY AGENTS SHALL NOT BE SUBJECT TO CRIMINAL OR CIVIL PENALTIES OR OTHER FORMS OF DISCRIMINATION FOR ENGAGING IN OR ASSISTING WITH THE PATIENTS' MEDICAL USE OF MARIJUANA; AUTHORIZING LIMITED CULTIVATION OF MARIJUANA BY QUALIFYING PATIENTS OR DESIGNATED CAREGIVERS IF A QUALIFYING PATIENT LIVES MORE THAN FIVE MILES FROM THE NEAREST NONPROFIT DISPENSARY; AUTHORIZING COMPENSATION FOR DESIGNATED CAREGIVERS; REQUIRING THAT IN ORDER TO BECOME A QUALIFYING PATIENT, A PERSON SUBMIT TO THE STATE A WRITTEN CERTIFICATION FROM A PHYSICIAN THAT HE OR SHE IS SUFFERING FROM A QUALIFYING MEDICAL *Page 7 
CONDITION; ESTABLISHING AN INITIAL LIST OF QUALIFYING MEDICAL CONDITIONS; DIRECTING THE DEPARTMENT OF HEALTH TO ESTABLISH RULES RELATED TO THE PROCESSING OF APPLICATIONS FOR REGISTRY IDENTIFICATION CARDS, THE OPERATIONS OF NONPROFIT DISPENSARIES, AND THE ADDITION OF QUALIFYING MEDICAL CONDITIONS IF SUCH ADDITIONS WILL ENABLE PATIENTS TO DERIVE THERAPEUTIC BENEFIT FROM THE MEDICAL USE OF MARIJUANA; SETTING MAXIMUM REGISTRATION FEES FOR NONPROFIT DISPENSARIES; ESTABLISHING QUALIFICATIONS FOR REGISTRY IDENTIFICATION CARDS; ESTABLISHING STANDARDS TO ENSURE THAT QUALIFYING PATIENT AND DESIGNATED CAREGIVER REGISTRATION INFORMATION IS TREATED AS CONFIDENTIAL; DIRECTING THE DEPARTMENT OF HEALTH TO PROVIDE THE LEGISLATURE ANNUAL QUANTITATIVE REPORTS ABOUT THE MEDICAL MARIJUANA PROGRAM; SETTING CERTAIN LIMITATIONS ON THE USE OF MEDICAL MARIJUANA BY QUALIFYING PATIENTS; ESTABLISHING AN AFFIRMATIVE DEFENSE FOR THE MEDICAL USE OF MARIJUANA; ESTABLISHING REGISTRATION AND OPERATION REQUIREMENTS FOR NONPROFIT DISPENSARIES; SETTING LIMITS ON THE AMOUNT OF MARIJUANA A NONPROFIT DISPENSARY MAY CULTIVATE AND THE AMOUNT OF MARIJUANA A NONPROFIT DISPENSARY MAY DISPENSE TO A QUALIFYING PATIENT; PROHIBITING CERTAIN CONDUCT BY AND IMPOSING CERTAIN CONDITIONS AND REQUIREMENTS ON PHYSICIANS, NONPROFIT DISPENSARIES, NONPROFIT DISPENSARY AGENTS, QUALIFYING PATIENTS, AND DESIGNATED CAREGIVERS; ESTABLISHING A LIST OF FELONY OFFENSES WHICH PRECLUDE CERTAIN TYPES OF PARTICIPATION IN THE MEDICAL MARIJUANA PROGRAM; AND ALLOWING VISITING QUALIFYING PATIENTS SUFFERING FROM *Page 8 
QUALIFYING MEDICAL CONDITIONS TO UTILIZE THE ARKANSAS MEDICAL MARIJUANA PROGRAM.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of the penalties imposed for violations of this act. Enclosed herewith, over the signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
DUSTIN MCDANIEL Attorney General
[1] While no state law may repeal or otherwise make ineffective an applicable federal law, it is clear that the states are free to enact medical marijuana laws and otherwise legalize or decriminalize marijuana, for purposes of state law only, without implicating the Supremacy Clause of the United States Constitution.See, e.g., David W. Ogden, Deputy Attorney General,Memorandum for Selected United States Attorneys: Investigationsand Prosecutions in States Authorizing the Medical Use ofMarijuana, (Oct. 19, 2009), available athttp://www.justice.gov/opa/documents/medical-marijuana.pdf. According to a news account published today, fifteen states and the District of Columbia "have legalized marijuana use for ill patients who have a doctor's recommendation." Tony Pugh, MedicalMarijuana Industry Thriving, K.C. Star, Apr. 18, 2011,http://www.kansascity.com/2011/04/18/2807405/medical-marijuana-industry-thriving.html.
[2] The fact that a measure's merits are not relevant to this Office's responsibilities under A.C.A. § 7-9-107 may be illustrated by the fact that my predecessors have certified no fewer than five previous medical marijuana proposals. See Op. Att'y Gen. 2004-074, 2000-191, 1999-419, 1999-415, and 1999-367. They have also certified at least three proposals for the decriminalization of marijuana. See Op. Att'y Gen. 99-299, 97-302, and 87-278.